# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

May 14, 2012

Adam G. Landis
Kerri M. Mumford
LANDIS RATH & COBB LLP
919 Market Street
Suite 1800
Wilmington, DE 19801

Lorraine McGowen
ORRICK HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142

James E. Houpt
Attorney at Law
5960 S. Land Park Dr., #224
Sacramento, CA 95822

Co-Counsel to the SWE&C
Liquidating Trust

Karen C. Bifferato
Marc J. Phillips
CONNOLLY BOVE LODGE &
HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

Eric G. Waxman, III
WESTERMAN BALL EDERER
MILLER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, NY 11556

Attorneys for The Travelers
Indemnity Company and its
affiliates, including
Travelers Casualty and Surety
Company and Aetna Casualty
And Surety Company

**Re: Stone & Webster, Inc., et al.**
    **Case No. 00-02142**

Dear Counsel:

      This is with respect to the Trustee's motion for summary judgment (Doc. # 6596).

      For the following reasons, among others, I am not ruling on the summary judgment motion.

2

(1) There are too many moving parts to this dispute. I simply do not have the time to figure it out and I am not comfortable in relying on conflicting declarations.

(2) The parties will have to educate me on the intricacies of loss-sensitive insurance programs. For example, in his declaration Mr. Blumetti repeatedly refers to "loss development and related information." I have no idea what that means.

Consequently, I believe we should have an evidentiary hearing. Counsel should contact my courtroom deputy for a date when we can discuss the timing of an agreed pretrial order and the trial dates.

There is one issue that I can resolve at this time, namely, the effective date of the March 2, 2000 promissory note. I conclude that the effective date was April 3, 2000. How can a promissory note be effective before it is executed by the promissor? Obviously, I conclude that it cannot. Furthermore, Mr. Blumetti's declaration states that two installments of the promissory note were made, one on April 14, 2000 and the other on May 6, 2000. The promissory note recites that payments will be made in ten equal installments on the fifteenth of each month with the final payment being due on December 15, 2000. To achieve that schedule, the first installment would have had to be made on March 15, 2000. Since the first installment was made on April 14, 2000, the promissor obviously believed that the first installment was due

3

on the first 15th of the month following the effective date of April 3, 2000.

Very truly yours,

Peter J. Walsh

PJW:ipm