UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

October 3, 2014

Karen C. Bifferato
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801

Harold S. Horwich
Michael C. D'Agostino
BINGHAM MCCUTCHEN LLP
One State Street
Hartford, CT 06103-3178

Attorneys for Travelers

Adam G. Landis
Kerri K. Mumford
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

Lorraine S. McGowen
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142

James E. Houpt
Attorney at Law
5960 S. Land Park Dr., #224
Sacramento, CA 95822

Counsel to the SWE&C Liquidating Trustee

Ian Connor Bifferato
Thomas F. Driscoll III
BIFFERATO LLC
800 N. King Street
Wilmington, DE 19899-2165

Carmen H. Lonstein
Erin E. Broderick
BAKER & McKENZIE LLP
300 E. Randolph Street
Suite 5000
Chicago, Illinois 60601

Counsel to the Consolidated
SWINC Estate

**Re: Stone & Webster, Inc., et al.**
**Case No. 00-02142**

Dear Counsel:

The pleadings and related documents in this case are voluminous, if not overwhelming. I do not know whether I will preside over the trial on the merits, but I would like to see if I can rule on the Travelers' Motion *in Limine* to Include "Loss Runs" in Evidence as a Summary of Underlying Business Records. (Doc. # 6706.)

That Motion asserts the following:

> Claim File information was available to SWEC and has been available to the Trustee upon request. To date, the Trustee has not requested information about any particular claim.

(Doc. # 6706, ¶ 15, p. 8.)

> The Underlying Material Summarized in the Loss Runs Is Voluminous, Admissible and Has Always Been Available to the Debtors and Trustee.

(Doc. # 6706, p. 11.)

> The underlying claim information is not only admissible, it has been available for inspection, but no request has been made by the Trustee or SWEC for claims files.

(Doc. # 6706, ¶ 31, p. 13.)

> The interests of fair and efficient adjudication of this Contested Matter therefore weigh heavily in favor of this Court ruling as a pre-hearing matter that the Loss Runs are admitted into evidence as a summary of, and in lieu of, each of the underlying business records.

(Doc. # 6706, ¶ 34, p. 14.)

The Declaration of James E. Houpt in Opposition to Motion In Limine to Include "Loss Runs" in Evidence as a Summary, and in Support of the SWE&C Liquidating Trustee's Cross-Motion to

Exclude Loss Runs. (Doc. # 6714.) That Declaration asserts the following:

> 2. On November 29 and 30, 2012, I conducted the deposition of Travelers Indemnity Company and its Affiliates (Collectively, "Travelers") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. I do not yet have the transcripts of the deposition, but my recollection is that I asked where documents were kept underlying Travelers' proofs of claim for alleged retrospective-premiums due from Stone & Webster Engineering Corporation ("SWEC")("Retro-Premium Claim"). My recollecion is that Travelers' witness or witnesses testified that the documents are in local offices around the country. I recall that I also asked if the documents had been requested from those local offices, and my recollection is that the witness or witnesses stated that the documents had not been requested. I also believe I asked one or both witnesses if they had interviewed the claims adjusters. One or both witnesses said they had not interviewed the claims adjusters. After receiving the transcripts, I will check that my recollection is correct and amend this Declaration, if necessary.
>
> 3. In 2005, the Trustee served discovery requests on Travelers. As Exhibit A to this Declaration, I have attached a true-and-correct copy of Travelers' response to the Trustee's interrogatories. As Exhibit B to this Declaration, I have attached a true-and-correct copy of Travelers' response to the Trustee's document requests. To avoid the need to inundate the Court with documents, I have not attached the copies of the Travelers' discovery requests; however, I note that both the interrogatories and the document requests included a standard instruction: "As used herein, the singular always includes the plural, and the present tense also includes the past tense. The words 'and' as well as 'or' shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope."

(Doc. # 6714, ¶¶ 2, 3, pp. 1, 2.)

> 5. From the Motion, it is not clear to me even now that Travelers has agreed to produce the documents allegedly underlying its loss runs. However, if the Court agrees to allow Travelers to belatedly produce

>      the admissible documents that support its Retro-Premium
>      Claim, the Trustee and the creditors with allowed
>      claims will be severely prejudiced.  The Trustee has
>      attempted to resolve the Retro-Premium Claim for almost
>      eight years.  If Travelers had produced admissible
>      documents underlying its claims when the Trustee
>      requested them in 2005, the Trustee would likely have
>      hired a consultant to review the documents and provide
>      opinions on Travelers' due diligence in handling those
>      claims.  We would also have requested the claims
>      handling manuals to test if Travelers' practices and
>      procedures were adequate, and whether Travelers
>      followed those practices and procedures.  Without
>      having the backup information and with Travelers
>      denying its existence, I had no reason to demand copies
>      of the claims handling manuals.

(Doc. # 6706, ¶ 5, p. 3.)

With respect to Travelers, I am requesting that there be delivered to my Chambers copies of every proof of claim (with attachments) that has been filed by Travelers in this chapter case.  This includes every proof of claim that supersedes a prior filed claim or modifies a prior filed claim.

With respect to the James E. Houpt Declaration, I am requesting that there be delivered to my Chambers copies of the relevant portions of the depositions referred to in paragraph 2 of the Declaration so that I can verify your recollections as set forth in paragraph 2 of the Declaration.

Very truly yours,

Peter J. Walsh

PJW:ipm